Wilde & Associates, LLC.
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
7473 W. Lake Mead Blvd. #100
Las Vegas, NV 89128
Phone (702) 562-1202
greg@wildelawyers.com
Attorney for Plaintiff/Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| URSULA LICHTENSTEIN,  Debtor. | Case No. 25-10340-nmc  Chapter 13 |
| URSULA LICHTENSTEIN,  Plaintiff,  v.  SUSAN BROWNE, an individual, and CHARLES M. MCKINNON, JR. an individual,  Defendants. | Adversary Case No. 25-10340-nmc |

**AMENDED ADVERSARY COMPLAINT**

Plaintiff URSULA LICHTENSTEIN, ("Plaintiff" or "Debtor"), by and through her undersigned counsel, files this Amended Complaint against Defendants to avoid and recover a transfer of personal property made by the Debtor within 90 days before the filing of the bankruptcy petition, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

PARTIES

3. Plaintiff is the Debtor in the underlying Chapter 13 bankruptcy proceeding pending in the District of Nevada, case number 25-10340.

4. Defendant Susan Browne is the daughter of Debtor that received the transfer described herein making her subject to the jurisdiction of this Court. ("DAUGHTER").

5. Defendant Charles M. McKinnon, Jr., is the boyfriend of DAUGHTER that is also a transferee of the transfer described herein making him subject to the jurisdiction of this Court. ("BOYFRIEND").

**FACTUAL BACKGROUND**

6. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 21, 2025. ("Petition Date").

7. Debtor has been the owner of a **1994 Champion Infinity II Mobile Home Trailer** for several years. (Hereinafter "HOME").

8. The HOME is affixed to a mobile home lot located at 5805 W. Harmon Avenue, Space 305, Las Vegas, Nevada 89103 that was rented to Debtor by the Las Vegas Jaycees Senior Citizen Mobile Home Park at all times mentioned herein.

9. The HOME was solely owned by Debtor but DAUGHTER was also listed on the certificate of title solely for inheritance purposes.

10. That within 90 days prior to the Petition Date, Debtor mistakenly transferred the certificate of title to the HOME to DAUGHTER for no consideration, thinking she was removing her daughter from title to the HOME. ("Transfer").

11. That DAUGHTER shortly thereafter added her BOYFRIEND on the application for a new certificate of title to the HOME without him paying any consideration.

12. That DAUGHTER and BOYFRIEND now refuse to return the titled ownership of the HOME to Debtor despite a demand by undersigned counsel.

2

13. That on March 11, 2025, the Nevada Division of Manufactured Housing issued a new certificate of title naming the Defendants as owners but said title is improper and voidable for it lacks the signature of the Assessor or Deputy Assessor as required by Nevada Statute.

**CLAIMS FOR RELIEF**

**CLAIM I – AVOIDANCE OF PREFERENTIAL TRANSFER (11 U.S.C. § 547)**

14. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

15. The Transfer was mistakenly made to and for the benefit of Defendants and caused Debtor to become insolvent.

16. The Transfer provided more to Defendants than they would have received had Debtor filed a Chapter 7 proceeding.

17. The Transfer occurred within 90 days prior to the Petition Date.

18. The Transfer allowed Defendants to receive a windfall for no consideration to the detriment of the Debtor.

19. The Transfer should be avoided pursuant to 11 U.S.C. § 547(b).

20. Debtor has been damaged by the acts of Defendants and is entitled to the return of the title to the HOME or damages calculated as the fair market value of the HOME.

21. Debtor is entitled to an award of attorney fees and costs as against the Defendants for prosecuting this action.

**CLAIM II – AVOIDANCE OF FRAUDULENT TRANSFER (11 U.S.C. § 548)**

22. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

23. The Transfer was made for a complete lack of consideration and made the Debtor insolvent.

24. The Transfer was made to an insider of the Debtor.

25. The Transfer should be avoided pursuant to 11 U.S.C. § 548.

3

26. Debtor has been damaged by the acts of Defendants and is entitled to the return of the title to the HOME or damages calculated as the fair market value of the HOME.

27. Debtor is entitled to an award of attorney fees and costs as against the Defendants for prosecuting this action.

### CLAIM III - CONVERSION

28. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

29. Defendants have wrongfully exerted a distinct and intentional act of dominion over the title to the HOME thereby denying Debtor her use and enjoyment of title to the HOME.

30. These acts of Defendants were and are being committed in derogation, exclusion, and defiance of the Debtor's rights and title in the HOME.

31. Debtor has been damaged by the acts of Defendants and is entitled to the return of the title to the HOME or damages calculated as the fair market value of the HOME.

32. Debtor is entitled to an award of attorney fees and costs as against the Defendants for prosecuting this action.

### CLAIM IV – UNJUST ENRICHMENT

33. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

34. That Defendants' receipt of the title to the HOME for no consideration was a benefit conferred upon the Defendants and they have appreciated that benefit.

35. That Defendants accepted and retained the benefit under circumstances where it would be inequitable for Defendants to retain the benefit without the payment of value for the HOME.

36. That there does not exist an express or written contract between Debtor and the Defendants related to the title of the HOME.

37. Debtor has been damaged by the Defendants' refusal to return the title to the HOME.

4

38. Debtor should be awarded the title to the HOME or damages calculated as the fair market value of the HOME.

39. Debtor is entitled to an award of attorney fees and costs as against the Defendants for prosecuting this action.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. Avoiding the Transfer pursuant to 11 U.S.C. §§ 547 and 548;

B. Directing Defendant to return the title to the HOME or its equivalent value to the Debtor;

C. Awarding Plaintiff the costs and expenses of this action, including attorneys' fees as allowed by law; and

D. Granting such other and further relief as the Court deems just and proper.

Dated this 3rd day of April 2025.

Wilde & Associates, LLC.

\_\_/s/ Gregory Wilde_____
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
Counsel for Plaintiff/Debtor

5