Aniela K. Szymanski, Esq.
Nevada Bar No. 15822
3765 E. Sunset Rd. B9
Las Vegas NV 89120
702-899-8180
Attorney for Defendants

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| URSULA LICHTENSTEIN,<br><br>        Debtor. | Case No.: 25-10340-nmc<br>CHAPTER 13<br><br>Adversary Proceeding: 25-01110-nmc |
| URSULA LICHTENSTEIN,<br><br>        Plaintiff,<br><br>vs.<br><br>SUSAN BROWNE, an individual, and<br>CHARLES M. MCKINNON, JR., an<br>individual,<br><br>        Defendants. | **DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Defendants, SUSAN BROWNE and CHARLES M. MCKINNON, JR., by and through

undersigned counsel, hereby moves to dismiss the Complaint filed by URSULA

LICHTENSTEIN, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made

applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy

Procedure, and states the following in support:

1

## I.  INTRODUCTION

Plaintiff's Complaint alleges that Defendants received a fraudulent transfer in violation of 11 U.S.C. §§ 548 and/or 544. However, the Complaint fails to allege sufficient facts to state a claim upon which relief can be granted. Specifically, the Complaint fails to meet the pleading standards required under **Rule 8(a)** and, where applicable, **Rule 9(b)** for allegations of fraud.

Susan Browne (DAUGHTER) purchased a mobile home (HOME) by paying the entire purchase price with a certified check. DAUGHTER allowed her mother, Debtor, to live in the mobile home because Debtor was so unbearable that DAUGHTER could not live in the same house as Debtor. As a result of Debtor having to live in the HOME, DAUGHTER put Debtor's name on the Certificate of Ownership because the Las Vegas Jaycees Senior Citizen Mobile Home Park required it for Debtor to be able to stay in a "senior citizen" park. Notably, DAUGHTER is not a senior citizen.

Key to Debtor's argument is the allegation that "The HOME was solely owned by Debtor but DAUGHTER was also listed on the certificate of title solely for inheritance purposes." This statement is <u>false</u>. The HOME, a manufactured home located at 5805 West Harmon Avenue, Space 305 in Las Vegas, Nevada, was titled as follows: "URSULA LICHTENSTEIN OR SUSAN BROWNE." *See* Exhibit *attached*.

## II. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, claims sounding in fraud must satisfy Rule 9(b), which requires that the circumstances constituting fraud be stated with particularity.

### A. The Complaint Fails to State a Claim for Constructive Fraudulent Transfer

To state a claim under 11 U.S.C. § 548(a)(1)(B), the plaintiff must allege that:

1. The debtor transferred an interest in property,

2. The transfer occurred within two years of the bankruptcy filing,

3. The debtor received less than reasonably equivalent value, and

4. The debtor was insolvent or rendered insolvent by the transfer (or similar financial distress factors).

Here, the Complaint fails to allege that the debtor was the one who transferred the property. While the Complaint states "Debtor mistakenly transferred the certificate of title to the HOME to DAUGHTER," the title transfer document reveals that Debtor was NOT the one to transfer the title. In fact, it was Susan Browne, DAUGHTER, who transferred the title.

The Complaint's allegation that Debtor was the one to transfer the title to DAUGHTER is, therefore, false and is a purposeful misrepresentation to mislead this honorable court.

The Complaint fails to allege sufficient facts to support the conclusion that the debtor was the one to transfer the property and the Court should dismiss this Complaint for failure to do so.

Further, the Court should be advised that the transfer occurred on January 27, 2025. This was because DAUGHTER and Debtor had been estranged for a long period of time and Debtor had managed to get herself criminally convicted of elder abuse resulting in her subsequent debarment from the mobile home park. Because Debtor had been debarred from the mobile home

3

park, there was no need to have Debtor's name on the title any longer because the sole purpose of Debtor's name being on the title was because Debtor was living at the park.

DAUGHTER, having not spoken to Debtor for an extended period of time due to Debtor's embarrassing criminal activity, was unaware that Debtor had filed for bankruptcy. In fact, DAUGHTER was not aware of Debtor's bankruptcy filing until sometime after February 7, 2025, when she received a letter from Debtor's bankruptcy attorney demanding that she transfer the title back to Debtor.

**B. The Complaint Fails to Plead Avoidance of Preferential Transfer.**

To state a claim under 11 U.S.C. § 547(b), Plaintiff must allege that:

1.  A transfer of an interest of the debtor in property,

2.  Was made to or for the benefit of a creditor,

3.  For or on account of an antecedent debt,

4.  Made while the debtor was insolvent,

5.  Made on or within 90 days before the filing of the petition (or one year if the creditor was an insider), and

6.  That enabled the creditor to receive more than it would have … if the case were a liquidation.

The Complaint fails to allege several of these essential elements with the required specificity:

1. No Specific Allegations as to the Transfer

The Complaint alleges false facts as to the transfer of the title. It was not Debtor who made the transfer, but instead DAUGHTER.

2. No Factual Allegations Establishing Insolvency

4

The Complaint summarily states that the Debtor was insolvent at the time of the alleged transfer but provides no factual basis (such as financial statements, asset/liability balances, or other indicia) to plausibly support this conclusion.

3. <u>Failure to Allege the Preferential Effect</u>

The Complaint does not allege facts showing that the transfer enabled Defendant to receive more than they would have in a liquidation. This is particularly true given the nature of the title.

**C. The Complaint Fails to Plead Actual Fraud with the Requisite Particularity**

To plead actual fraud under 11 U.S.C. § 548(a)(1)(A), Plaintiff must allege, with particularity, that the debtor made the transfer "with actual intent to hinder, delay, or defraud" creditors. Rule 9(b) requires a plaintiff to state "the who, what, when, where, and how" of the alleged fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, the Complaint fails to identify any specific facts that show fraudulent intent or badges of fraud, nor does it specify who made the transfer, the precise date, or the circumstances suggesting fraudulent purpose. Notably, Debtor was NOT the one to transfer the title, and was not even in communication with DAUGHTER at the time title was transferred by DAUGHTER and Debtor has not alleged such. There are no facts alleged that DAUGHTER knew anything about Debtor's bankruptcy proceedings at the time the transfer was made, nor that Debtor was even in communication with DAUGHTER at the time.

Bare allegations of "intent to hinder or delay creditors" are conclusory and insufficient.

**D. The Claims as to Conversion and Unjust Enrichment are Inadequately Pled.**

5

First, both of these Claims fail to acknowledge the true nature of the title of the HOME.

Second, the Complaint fails to allege sufficient factual content to state a plausible claim for relief for Conversion and/or Unjust Enrichment, and instead merely parrots statutory elements without identifying key facts necessary to support the claim. The Complaint thus fails under the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**IV. CONCLUSION**

For the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted. Accordingly, Defendants respectfully request that the Court dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

DATED this 2nd day of May 2025.

/s/ Aniela K Szymanski
Aniela K. Szymanski, Esq.
3765 E. Sunset Rd. B9
Las Vegas NV 89120
702-899-8180
Attorney for Defendants

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHBIT

Keep this document in a safe place. A certificate of ownership document maybe required to sale, transfer, convert a structure to real property, or obtain financing.

Note: This document is sent without the County Assessor's Endorsement. You will need to get their endorsement below when you are ready to transfer title

STATE OF NEVADA
HOUSING DIVISION

# B0365010
ISSUED

## Certificate of Ownership

**WARNING:**
There may be outstanding liens against this structure which do not appear on the face of this certificate. Interested person(s) should contact Manufactured Housing.

**OWNERS:**
-URSULA LICHTENSTEIN OR SUSAN BROWNE
5805 W HARMON AVE #305
LAS VEGAS, NV 89103

RECEIVED
JAN 27 2025
NEVADA DIVISION
MANUFACTURING HOUSING
LAS VEGAS

Cace #60.00
MB

**TOD:**

**LIENHOLDER:**

Serial No: 09946364387AB
Year: 1994
Make/Model: CHAMPION INFINITY II
Size: 624" x 142"          612" x 142"

**ISSUE DATE:** 12/20/2021

THIS CERTIFICATE IS EVIDENCE OF LEGAL OWNERSHIP OF THE STRUCTURE IT DESCRIBES. THIS CERTIFICATE OF TITLE REMAINS IN FORCE AND EFFECT UNTIL ITS CANCELLATION.

**WARNING:**
ENDORSEMENT REQUIRED BY COUNTY ASSESSOR WHERE MOBILE HOME IS SITUATED THAT ALL TAXES HAVE BEEN PAID BEFORE TITLE CAN BE TRANSFERRED. FY 2024
1/27/25   2025
Roan #04Le9Le0
SIGNATURE ASSESSOR OR DEPUTY ASSESSOR

TO TRANSFER OR CHANGE TITLE RECORD, YOU WILL COMPLETE THIS FORM. Additional forms and/or supporting documents may be required along with this document. There is a $60 fee, per titling transfer or record change. You will mail this form to our Carson City office for processing or drop it at one of the locations listed on the back of the form. *Complete documents must be submitted to the division with proper payment within 45 days of the transfer.*

**1. Contact Information -** Please provide the phone number and e-mail address of the party we should contact, if there are any issues with this titling.
Name: Charles McKinnon
Phone: 702-682-6912   E-Mail Address: CMMSR1@GMAIL.COM
Physical Address of Structure: 5805 W. Harmon Ave #305 Las Vegas, NV 89103

What type(s) of transactions are you wishing to accomplish with this submission?

☐ Home Sold/New Buyer       ☐ Remove Lienhold (May add TL-102 or letter of No interest)       ☐ Remove Deceased Owner (May require court order, death certificate or TL-106, if applicable)       ☐ Reposession of home (Lienholder will add TL-101)

☐ Change Owner Names       ☐ Add Lienholder       ☐ Gift Home (Parks will add TL-101)       ☐ Other

*If you have titling questions, you may email us at titles@housing.nv.gov or call us at (888) 486-8775. You can visit HOUSING.NV.GOV to view and download titling forms.*

**2. Release of Lien Holder -** *If a lienholder is listed above, they must release their interest by attaching a TL-102 Lien Satisfied Form. This form can be found on our website at HOUSING.NV.GOV on the Titling page under Title Forms. We will also accept a Letter of No Interest (on Letterhead & Notarized.)*

**3. Trust Appointment and Powers -** *If the home is in a trust or will be placed into a trust, the Trustees or Successor Trustees must complete this section.*

| For Trustee(s) to Complete | For Successor Trustee(s) to Complete |
|---|---|
| I/We | I/We |

Declare that I/We have been appointed as Trustee(s) of:

Declare that I/We have been appointed as Successor Trustee(s) of:

And have the powers granted as trustee(s) to sign for the transfer of the above described structure. I/We the trustee(s) jointly and severally indemnify the Nevada Housing Division, and hold the Nevada Housing Division and the State of Nevada harmless from any liability on the account of the issuance of a title on said structure as aforesaid.

And have the powers granted as successor trustee(s) to sign for the transfer of the above described structure. I/We the trustee(s) jointly and severally indemnify The Nevada Housing Division, and hold the Nevada Housing Division and the State of Nevada harmless from any liability on the account of the issuance of a title on said structure as aforesaid.

**Bill of Sale** - *Place the date the sale occurred and the dollar amount paid for the home. If gifting a home, you may place zero dollars.*
(I/We) as sellers further state that to (my, our) knowledge, the structure is free and clear of any liens encumbrances, lawful claims and demands to any person whatsoever, the structure is not involved in any existing or pending litigation. That in consideration of $ ____ and other valuable consideration, the receipt of whereof is hereby acknowledged, the undersigned (SELLER) does hereby, sell, transfer and deliver on the ___27th___ day of ___January___ , 20_25_ his/her right, title and interest in the above structure to the following purchaser.

**5. New Title Owners** - *Place the names of owner(s) as you wish them to appear on the title below. Please print legibly, all names to be shown on the title. Vesting is for situations where there are multiple owners only. If vesting is not selected, we will place on TOR."*
Print New Owners Name(s): ___Susan Browne and Charles Michael McKinnon Jr.___

Vesting between Names: ☐ OR ☑ AND ☐ JTWROS    (if appliable)
E-Mail Address: _____    (Your title will be e-mailed to you)
Mailing Address: _10886 Maltese Falcon Ave_    ___Las Vegas NV 89129___
(Street)    (City)    (Zip)

**6. Beneficiary/Transfer On Death.** - *If you wish to appoint or change a beneficiary to this structure, please complete below. For more details, see NRS 489.564*
Select Action Required: ☐ ADD    ☐ Remove
Print New Owners Name(s): _____

**7. New Lienholder** - *Place the name(s) of lienholders here.*
Print Lienholder Name(s): _____
E-mail Address: _____
Mailing Address: _____
(Street)    (City)    (Zip)

**8. The statements and declarations herein contained are for the specific purpose of inducing said Division to issue a Certificate of Ownership; that (I, we) shall and will assume, fully pay, satisfy and discharge any and all liens, claims or encumbrances disclosed herein or any others that may be shown or proved to be upon or against said structure and indemnify and hold harmless said Division and the State of Nevada on account of the issuance of said Certificate of Ownership on said structure as aforesaid.**

**9. Signatures and Notary of Seller(s) -**
Sign in front of Notary.
_Susan Browne_    _1|27|25_
SIGNATURE    DATE

_____    _____
SIGNATURE    DATE

_____    _____
SIGNATURE    DATE

_____    _____
SIGNATURE    DATE

This instrument was acknowledged before me on this
_27_ day of _January_ , 20_25_
By _Susan Rosalie_ and _____
_Browne_    STATE OF _Nevada_

ALYSSA DOLORES SLOAN    COUNTY OF _Clark_
NOTARY PUBLIC
STATE OF NEVADA    _Alloan_
My Commission Expires: 01-29-28    Notary Public
Certificate No: 24-5837-01

Above signatures of the OWNERS as described on the face of this Certificate releases the OWNER's interest in the described structure.

**10. Signatures and Notary of New Titled Owner(s)**
Sign in front of Notary
_Susan Browne_    _1|27|25_
SIGNATURE    DATE

_Charles Michael McKinnon_    _1/27/25_
SIGNATURE    DATE

_____    _____
SIGNATURE    DATE

_____    _____
SIGNATURE    DATE

This instrument was acknowledged before me on this
_27_ day of _January_ , 20_25_
By _Susan Rosalie Browne_ and _Charles Michael_
_McKinnon Jr_    STATE OF _Nevada_

ALYSSA DOLORES SLOAN    COUNTY OF _Clark_
NOTARY PUBLIC
STATE OF NEVADA    _Alloan_
My Commission Expires: 01-29-28    Notary Public
Certificate No: 24-5837-01

Above signatures of the OWNERS as described on the face of this Certificate releases the OWNER's interest in the described structure.

**Carson City Office**

1830 E College Parkway Ste 120
Carson City, Nevada 89706
Phone: (775)684-2940



**NEVADA**
HOUSING DIVISION

**Las Vegas Office**

3300 W Sahara Ave Ste 320
Las Vegas, Nevada 89103
Phone: (702) 486-4135