John T. Steffen (4390)
Jeffrey R. Hall (9572)
Todd W. Prall (9154)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Plaza
10080 Alta Drive No. 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
email: jhall@hutchlegal.com

Attorneys for Las Vegas Jaycees
Senior Citizen Mobile Home Park

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>URSULA LICHTENSTEIN,<br><br>                Debtor.<br><br>URSULA LICHTENSTEIN,<br><br>                Plaintiff,<br><br>v.<br><br>SUSAN BROWNE, an individual, and CHARLES M. MCKINNON, JR. an individual,<br><br>                Defendants. | Case No.: 25-10340-nmc<br>Chapter 13<br><br>Adversary Case No. 25-01110-nmc<br><br>**REPLY IN SUPPORT OF EMERGENCY MOTION TO**<br><br>    1. **INTERVENE IN THE ADVERSARY PROCEEDING AS A PLAINTIFF**<br><br>    2. **FOR EX PARTE PRE-JUDGMENT WRIT OF ATTACHMENT AGAINST MANUFACTURED HOME WITHOUT NOTICE OR HEARING PURSUANT TO NRS 31.017**<br><br>**ON AN ORDER SHORTENING TIME** |

Debtor Ursula Lichtenstein (the "Debtor" or "Lichtenstein") opposes the motion to

intervene and for a pre-judgment writ of attachment based in part on irrelevant claims of

violating the stay, erroneous argument that there is no standing, and equally erroneous argument that Jaycees does not meet the requirements of B.R. 2024 and F.R.C. P. 24.

Plaintiff makes unsupported arguments of violations of the stay that, if they have any basis at all, will be addressed in other matters. However, any claims have no bearing on whether Jaycees is entitled to intervene here. Indeed, most of the issues in this bankruptcy have come down to shenanigans relating to the title and ownership of the manufactured home, which has made it difficult for Jaycees to ensure its rights and interests are protected.

To make matters worse and add additional wrinkle that Jaycees was not aware of when it filed its motion is the daughter, Susan Browne, has now moved to dismiss the adversary complaint, claiming that the Debtor was never an owner of the manufactured home because Browned had purchased it. According to Browne, Lichtenstein was only on title to meet the requirements of the lease with Jaycees, which requires the resident to be either the "sole owner" or "co-owner" of the home be qualified to rent a space in the park. *See* Motion to Dismiss, Doc. 8, at p. 2.

Based on the position Browne is taking, there are two potential ways this case could end if Jaycees is not allowed to intervene. First, Lichtenstein could prevail in asserting that her signing title over to her daughter in December 2024 was a "mistake" that was inadvertently done and resulted in a "fraud," as unclear as it is as to whom was defrauded, and the manufactured home comes back into the estate where this Court will determine whether any exemption applies. Or Second (and more troubling for Jaycees), the Court finds that Browne's position is correct, and Browne keeps the home outside of the estate despite Lichtenstein transferring her ownership interest from the title only days after learning that that an eviction judgment would be entered against her. Should this second scenario occur without allowing Jaycees to intervene, Jaycees

will have lost its ability to protect its right and interest in pursuing a claim against Browne and the home for a fraudulent transfer. Indeed, there are two potential frauds – fraud on Jaycees by asserting Lichtenstein was a co-owner in the home when she was not or a fraudulent transfer of Lichtenstein's interest after Lichtenstein became aware that an eviction and judgment would be entered against her. If Browne retains title without allowing Jaycees to intervene, Jaycees may lose its ability to protect its rights to recover against the manufactured home as allowed by state law.

Finally, Browne's motion dismiss confirms Jaycees legitimate concern that the manufactured home is set to be sold, which means the asset could be lost to both the estate and to Jaycees. Unlike Jaycees though who has no relationship with Brown, Lichtenstein and Browne are mother/daughter. Despite Lichtenstein's adverse stance to her daughter on the pleadings in this adversary, Lichtenstein's lackadaisical approach to the adversary proceeding suggests the potential that she will be perfectly happy with Browne taking the home, selling it to a bonafide purchaser, and absconding with the proceeds only to share those with Lichtenstein under the table, leaving Jaycees, the largest creditor by far, a victim of fraud.

**1. Jaycees' has standing to intervene so long as they meet the requirements of FRCP 24.**

Lichtenstein provides no authority that precludes Jaycees from intervening so long as Jaycees meets the requirements of FRCP 24. Indeed, Lichtenstein erroneously suggests that because Jaycees is a creditor, Jaycees cannot intervene. This is not the case. Jaycees is not arguing that its status as a creditor automatically gives Jaycees a right to intervene in any adversary. Jaycees contends that it should be allowed to intervene as a matter of right under FRCP 24(a) or, at the very least, permissive intervention under FRCP 24(b). Lichtenstein has not provided any authority to suggest that a creditor simply has no standing to ever intervene. Indeed, the case law

is clear that the standard for intervention is exactly the same as under the federal rules. *In re Sundquist*, 570 B.R. 92, 96 (Bankr. E.D. Cal. 2017) (citing *Bustos v. Molasky*, 843 F.3d 1179, 1184 n.4 (9th Cir. 2016). There is no law that automatically precludes creditors seeking to intervene just because they are a creditor in a Chapter 13 case. The only case Lichtenstein presents is a case where the creditor sought to bring the adversary action that had not already been brought, not intervene in an action that was already commenced. *See In re Demeza*, 582 B.R. 868, 876-77. Such a case has no application here where Jaycees is not seeking to commence an adversary action, just intervening to protect its interests in an adversary already commenced.

**2. Jaycees meets the requirements of FRCP 24.**

Debtor concedes that Jaycees meets the first two elements for intervention as a matter of right under FRCP 24(a) but argues that the last two elements are not met. Debtor does not argue that Jaycees' motion is not timely. Debtor cannot in good faith argue that Jaycees has no protectable interest in the property under state law. Indeed, the facts here are a classic fraudulent transfer situation where Jaycees was about to obtain a judgment against the Debtor when Debtor transferred ownership to her daughter without any evidence of consideration of value for the transfer. Jaycees clearly has protectible interests under Nevada law. Debtor argues that because the $31,000+ judgment is unsecured, Jaycees cannot claim that being unable to pursue the judgment against the manufactured home does not impede or impair Jaycees' interests. This argument is not accurate. While it may be accurate if Lichtenstein is successful in recovering the manufactured home and it remains in the estate. Under that circumstance, Debtor may be correct that that Jaycees had all protection entitled to. However, in the event that the Debtor is not successful in bringing the manufactured home back into the estate. Specifically, in the case that the Debtor does not convince that Court that its transfer of the manufactured home was an

inadvertent mistake and not a voluntary transfer, then the property remains Browne's title and Jaycees could lose its rights under state law to pursue a fraudulent transfer claim that would have been available.

Indeed, without granting Jaycees the right to intervene and protect its interests, there is a real risk that Lichtenstein and Brown would exert both fraud on Jaycees and this Court.

### 3. Jaycees' is entitled to a pre-judgment of attachment to preserve the status quo so this issue can be litigated.

The Court can issue a pre-judgment writ of attachment to preserve the status quo while this case moves forward. Jaycees understands that the writ of attachment will not mean much if Debtor prevails and the manufactured home becomes a part of the estate. However, the facts and allegations being raised between Browne and Lichtenstein do not guarantee that Lichtenstein will prevail and Jaycees has no ability to protect its rights to recover its judgment against the manufactured home in light of the real possibility that Browne keeps title to the home and/or sells the home. What is more troubling is the Debtor not doing anything to keep the manufactured home from being sold, which would leave everyone without any remedies against the home. At the very least, the Court should grant Jaycees motion to intervene and issue some sort of preliminary injunction or other order that either keeps the manufactured home from being sold or requires Browne to maintain the proceeds from any sale until the adversary proceeding is decided. Lichtenstein's opposition to some remedy that would maintain the status quo is questionable. Lichtenstein should be as interested as Jaycees, if not more interested, in obtaining some pre-judgment remedy that would keep the manufactured home from being lost to the estate. She is not. She seems content to lose the home to a sale.

/ / / /

/ / / /

### 4. Conclusion

Jaycees has demonstrated that the Court should allow it to intervene under either FRCP 24(a) or FRCP 24(b).  The fact that Jaycees is a creditor does not disqualify Jaycees from intervening under FRCP 24.  Jaycees has met the requirements of intervention under FRCP 24. Jaycees should be able to intervene and seek to protect its state law rights to collect against the property based on the fraudulent transfer.

Dated this 12th day of May 2025.

HUTCHISON & STEFFEN, LLC

By: */s/ Jeffrey R. Hall*
_____
John T. Steffen (4390)
Jeffrey R. Hall (9572)
Todd W. Prall (9154)
Peccole Professional Plaza
10080 Alta Drive No. 200
Las Vegas, Nevada 89145

*Attorneys for Las Vegas Jaycees*
*Senior Citizen Mobile Home Park*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 12th day of May, 2025, a copy of the following document entitled: ***REPLY IN SUPPORT OF EMERGENCY MOTION TO (1) INTERVENE IN ADVERSARY PROCEEDING AS A PLAINTIFF AND (2) FOR EX PARTE PRE-JUDGMENT WRIT OF ATTACHMENT AGAINST MANUFACTURED HOME WITHOUT NOTICE OR HEARING PURSUANT TO NRS 31.017 ON AN ORDER SHORTENING TIME*** was served by Personally transmitting a copy of same via the Court's CM/ECF Internet system to their respective registered email site.

Gregory L. Wilde
Wilde & Associates
7473 W. Lake Mead Blvd., Suite 100
Las Vegas, NV 89128
greg@wildelawyers.com

/s/ *Bobbie Benitez*

An employee of Hutchison & Steffen, PLLC