John T. Steffen (4390)
Jeffrey R. Hall (9572)
Todd W. Prall (9154)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Plaza
10080 Alta Drive No. 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
email: jhall@hutchlegal.com

Attorneys for Las Vegas Jaycees
Senior Citizen Mobile Home Park

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>URSULA LICHTENSTEIN,<br><br>                    Debtor.<br>_____<br><br>URSULA LICHTENSTEIN,<br><br>                    Plaintiff,<br><br>v.<br><br>SUSAN BROWNE, an individual, and CHARLES M. MCKINNON, JR. an individual,<br><br>                  Defendants. | Case No.: 25-10340-nmc<br>Chapter 13<br><br>Adversary Case No. 25-01110-nmc<br><br><br>**SUPPLEMENTAL BRIEFING TO EMERGENCY MOTION TO**<br><br>1. **INTERVENE IN ADVERSARY PROCEEDING AS A PLAINTIFF**<br><br>2. **FOR PRE-JUDGMENT WRIT OF ATTACHMENT AGAINST MANUFACTURED HOME** |

Las Vegas Jaycees Senior Citizen Mobile Home Park ("Jaycees"), through its counsel

Hutchison & Steffen, PLLC, submits the following supplement to the Emergency Motion to (1)

Intervene in Adversary Proceeding as Plaintiff; and (2) for Pre-Judgment Writ of Attachment

Against Manufactured Home on an Order Shortening Time (the "Motion to Intervene") in which Jaycees seeks the right to intervene in the adversary proceeding commenced by Ursula Lichtenstein.

### 1. Alteration in scope of requested relief.

Based on the representations of the other parties, including Susan Browne and Ursula Lichtenstein, that there is no imminent sale of the manufactured home, the relief requested in this motion at this time is primarily focused on Jaycees being allowed to intervene. Although Jaycees does not waive or agree that it may not have a right to seek the remedy of a pre-judgment writ of attachment at this time, it is no longer focusing on obtaining that relief on this motion. Jaycees remains concerned about any mechanism in place to ensure that all potential buyers of the manufactured home are on notice of this adversary proceeding but is not focused on obtaining any specific relief on that issue at this time nor is it specifically seeking to collect a debt. Rather Jaycees is seeking to preserve its direct interest in the manufactured home based on its state law rights protected by the fraudulent transfer statute which was transferred from the judgment debtor just prior to a judgment being entered against her. It should be noted that if the factual allegations in the Defendants' motion to dismiss filed in this matter are accurate, the Debtor is likely not entitled to any sort of relief on its claims in this adversary proceeding and the subject mobile home is not property of the estate and not protected by the automatic stay. However, Jaycees would be prejudiced by the fact that at all times, it was represented to Jaycees that the Debtor was the titled owner to the mobile home and, in fact that the Debtor being at least a co-owner is a requirement for the Debtor to reside in the park.

/ / / /

/ / / /

## 2. Standard for evaluating a motion to intervene.

The Ninth Circuit case law on the standard for evaluating a parties' right to intervene in an adversary proceeding under B.R. 7024 is clear in stating that the analysis that the analysis is "no different than the analysis of intervention in an ordinary federal civil action." *In re Sundquist*, 570 B.R. 92, 96 (Bankr. E.D. Cal. 2017); *Bustos v. Molasky*, 843 F.3d 1179, 1184 n.4 (9th Cir. 2016). There are no bankruptcy or federal cases in the Ninth Circuit that suggest evaluation of intervention requires a court to treat a potential creditor of the bankruptcy estate differently from any other person that might seek to intervene. Neither does any case law suggest that intervention is not allowed to a creditor who ultimately may seek to recover a debt so long as the factors identified in Rule 24 of the Federal Rules of Civil Procedure and outlined in Ninth Circuit case law are applied. The real question is whether Jaycees can meet the factors already outlined in the motion as identified in Ninth Circuit case law. *See Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

Here, the parties appear to generally agree that the motion to intervene is timely. Further, there is no real argument to suggest that Jaycees' interests are adequately represented by the other parties to the action. It is clear the factual allegations asserted by the other parties oppose or contradict the factual allegations upon which Jaycees asserts its interest in the manufactured home. The primary question is whether Jaycees' state law claim for fraudulent transfer creates a "significantly protectable" interest relating to the manufactured home, and whether the disposition of this action could impair or impede Jaycees ability to protect that interest. Jaycees contends that its claim gives rise to an equitable interest in the manufactured home that is the subject of this action, and that the disposition of this action may impair or impede Jaycees' ability to protect that interest as further analyzed below.

### 3. Jaycees has a significant protectable interest in the manufactured home.

Jaycees has explained interests in the manufactured home during the pendency of the Debtor's bankruptcy. Jaycees actually has two separate and distinct interests relating to the manufactured home, only one of which is directly related to this adversary proceeding, but it is important to understand both interests.

First, Jaycees' holds lien against the manufactured home under Chapter 108 of the Nevada Revised Statute by virtue of the fact that the manufactured home sits on space that is owned and leased by Jaycees. This matter was briefed previously and does not need further briefing here as it is not directly at play in Jaycees' efforts to intervene in the adversary proceeding. Jaycees only raises this to demonstrate that Jaycees' relationship to the manufactured home is not that of a typical unsecured creditor of the Debtor. Jaycees holds specific lien rights regardless of who owns the manufactured home so long as it is located on a space with the manufactured home community. In this case, outstanding unpaid storage rent has accrued post-petition and, regardless of whether the manufactured home remains outside of the debtor's estate or not, Jaycees' is secured for the amounts owed in storage rent, which will continue to accrue until the home is sold or removed from the manufactured home community. The lien will need to be paid in full either prior to the home being removed from manufactured home community or at the time of the sale.

Second, Jaycees' claims an interest in the manufactured home by virtue of its fraudulent transfer claim under state law as to its judgment against the judgment debtor for the fees and costs of the underlying state court action. As already stated in the motion and as evidenced by the title records, the manufactured home was co-owned jointly by the Debtor, Ursula Lichtenstein, and her daughter Susan Browne until December 2024. After, the Las Vegas Justice

Court entered a minute order decision finding that the Debtor was in violation of her space lease and would be evicted, Debtor transferred her ownership to Susan Browne.  This transfer, based on all available information, was fraudulent and made without consideration to the Debtor.  Further, based on the information before this court, the transfer clearly made the Debtor insolvent or unable to pay her debts.  Oddly, Browne and Lichtenstein both acknowledge this transfer, but have made contradictory factual allegations concerning the transfer.  Lichtenstein claims that she owned the manufactured home and only placed Browne on title "for estate planning purposes."  Lichtenstein further contends that her transfer is an "inadvertent" mistake.  Browne claims that she owned the home and Lichtenstein was only on title because of the requirements of the mobile home community where the home was located and that the transfer was made after it become clear that Lichtenstein could no longer live in the community.  Jaycees asserts that they are both wrong.  Jaycees asserts that Lichtenstein clearly had ownership rights as at least a co-owner of the manufactured home and fraudulently transferred those rights to avoid having to pay the judgment that would be entered against her.

The question that the Court was unsure about was the nature of a creditor's interest in the manufactured home that is the subject of this adversary proceeding.  The question is whether a creditor who possesses a claim against property for fraudulent transfer has an actual interest in the property or merely a legal claim for money damages to collect upon.  If the claim is an interest in the fraudulently transferred property, then the creditor can meet the standard for intervention.  If the claim is merely a legal claim for money damages, then there may not be any actual interest in the fraudulently transferred property.

Nevada courts have determined that "creditors do not possess legal claims for damages when they are the victims of fraudulent transfers." *Cadle Co. v. Woods & Erickson*, LLP, 131

Nev. 114, 118, 345 P.3d 1049, 1053 (2015). "Instead, creditors have recourse in equitable proceedings in order to recover the property, or payment for its value, by which they are returned to their pre-transfer position." *Id.* at 118-19, 345 P.3d at 1053 (citing NRS 112.210; NRS 112.220(2)). The equitable remedies available to a creditor who is the victim of a fraudulent transfer create an equitable interest in the property fraudulently transferred itself, and not merely a claim for damages to collect. *Id.* at 119, 345 P.3d at 1053 (citing 37 C.J.S. Fraudulent Conveyances § 203 (2008).

Based on this authority, it is clear that under Nevada law Jaycees has a protectible interest in the property at issue in this case and Jaycees' ability to protect that interest may be impaired or impeded by the disposition of this case. It is true that there are possible dispositions of this case that would result in no or little impairment of Jaycees' ability to protect its interests. For example, if the Court finds that the manufactured home is owned in whole or in part by the Debtor, then Jaycees rights would not be impaired or impeded. The issue in that scenario would be whether the Debtor can claim any exemption to keep the manufactured home out of the estate and free from creditor claims, and Jaycees and the trustee would have the right to litigate that issue.

However, if the court determines that the manufactured home is not owned by the Debtor and is not subject to the bankruptcy or estate, Jaycees would be impaired in its ability to protect its interest in the manufactured home because Jaycees would continue to be precluded from commencing a state law claim for fraudulent transfer. Further the factual issues that would be determined in the adversary proceeding are essentially the same as those that would be present in a fraudulent transfer claim. Based on this analysis, it is clear that Jaycees meets the factors for intervention under applicable case law. There is no Ninth Circuit case law that suggests a

creditor has to demonstrate that they are not seeking to collect a debt or protect an interest that might ultimately allow them to collect a debt in the future to be allowed to intervene. They must meet the same standards as any other party seeking to intervene in federal court and have demonstrated they meet those standards here.

**4. Standing in Chapter 13 cases.**

The standing issue raised by debtor has no application here because Jaycees is not seeking to exercise any right to bring any adversary claim but only seeking to intervene under Rule 24 in order to ensure its interests in the property at issue are protected. Jaycees is not even seeking the right to have an independent claim, but just to ensure its property interests are protected in the proceeding before the court. Interestingly, here there are questions as to whether the Debtor has standing. But because the Debtor is asserting standing, those issues are not directly relevant to this motion.

Rather the standing issue would more directly question the Debtors' standing than Jaycees' standing. The standing of any a debtor under Chapter 13 has been the subject of "considerable controversy" because the Chapter 13 does not expressly grant such powers. *See In re Cohen*, 305 B.R. 886, 892–93 (B.A.P. 9th Cir. 2004). The Ninth Circuit's Bankruptcy Panel's position on this, generally, is that Chapter 13 should be construed broadly to allow standing to debtors to exercise trustee powers. *Id.* at 900. Specifically, there the *Cohen* court determined that a debtor could have standing where it was utilizing the avoiding powers to fund a confirmed plan, something that has not occurred here. *Id.* The *Cohen* court also recognized some agreement that a debtor can have such powers and standing under 11 U.S.C § 522(h), but such power is be limited in "cases where the original transfer was either concealed or, as here, voluntary," again something that is in dispute here. *Id.* at 892-93.

Despite questions concerning standing of the debtor to bring this claim, that issue is not in play in this motion because the Debtor has asserted standing and the intervenor need not have independent standing to intervene but must only provide an independent basis for standing if the party initially commencing the proceedings either withdraws or the claim is dismissed. That is not the case here.

**5. Conclusion**

Jaycees has demonstrated that it meets the factors to consider to be allowed to intervene in this case either under B.R. 7024 and FRCP 24(a) or Rule 24(b). Jaycees has a significant protectible interest in the manufactured home itself, the property at issue in this case by virtue of its state law rights and claims that may be impeded or impaired depending on the resolution of this matter. There is no authority that requires a creditor to demonstrate anything further than the requirements of intervention under FRCP 24 to intervene. Jaycees meets the requirements here.

Dated this 20th of May, 2025.

HUTCHISON & STEFFEN, PLLC

By: _____
*/s/ Jeffrey R. Hall*
John T. Steffen (4390)
Jeffrey R. Hall (9572)
Todd W. Prall (9154)
Peccole Professional Plaza
10080 Alta Drive No. 200
Las Vegas, Nevada 89145

*Attorneys for Las Vegas Jaycees Senior Citizen Mobile Home Park*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of May, 2025, a copy of the following document entitled: *SUPPLEMENTAL BRIEFING TO EMERGENCY MOTION TO (1) INTERVENE IN ADVERSARY PROCEEDING AS A PLAINTIFF AND (2) FOR PRE-JUDGMENT WRIT OF ATTACHMENT AGAINST MANUFACTURED HOME* was served by Personally transmitting a copy of same via the Court's CM/ECF Internet system to their respective registered email site.

Gregory L. Wilde
Wilde & Associates
7473 W. Lake Mead Blvd., Suite 100
Las Vegas, NV 89128
greg@wildelawyers.com

*/s/ Bobbie Benitez*
An employee of Hutchison & Steffen, PLLC