

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
September 08, 2025

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| In re:<br><br>URSULA LICHTENSTEIN,<br><br>    Debtor. | Chapter 13<br><br>Case No.: 25-10340-NMC |
| URSULA LICHTENSTEIN,<br><br>    Plaintiff,<br>v.<br><br>SUSAN BROWNE, an individual, and CHARLES M. MCKINNON, JR. an individual,<br><br>    Defendants. | Adv. Case No.: 25-01110-nmc<br><br>**ORDER DENYING INTERVENTION** |

**ORDER DENYING INTERVENTION**

  The matter before the Court is the Motion to Intervene (ECF No. 9)[1]("Motion") filed by Las Vegas Jaycees Senior Citizen Mobile Home Park ("Jaycees"), a judgment creditor of the

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned adversary case as they appear on the docket maintained by the Clerk of the Court.

1

Debtor. Jaycees seeks intervention in this adversary proceeding, which the Debtor initiated to avoid the prepetition transfer of a manufactured home.

The Debtor opposed the Motion (ECF No. 13), and Jaycees filed a reply (ECF No. 14). Jaycees later submitted a supplemental brief and declaration in support of intervention (ECF No. 16). The Debtor filed a response (ECF No. 17), and Jaycees filed a second supplemental brief (ECF No. 18). The Court heard argument on the Motion on June 10, 2025, and took the matter under advisement.

Jaycees moves to intervene under Federal Rule of Civil Procedure 24(a), or alternatively, under Rule 24(b), as incorporated by Federal Rule of Bankruptcy Procedure 7024, to assert a fraudulent transfer claim related to the subject property. The Debtor opposes the motion, contending that Jaycees lacks standing to pursue estate causes of action and fails to meet the requirements for intervention under either provision.

Having reviewed the Motion, all responses, additional filings, relevant legal standards, and the arguments made during the hearing, the Court finds intervention unwarranted. For the reasons stated below, the Motion to Intervene is DENIED.

**BACKGROUND**

On January 30, 2025, Debtor initiated this adversary proceeding (Adv. No. 25-01110-nmc) against her daughter, Susan Browne, and Browne's boyfriend, Charles McKinnon, Jr., alleging that she mistakenly transferred title to a manufactured home and asserting that the property remains part of her bankruptcy estate. Browne and McKinnon deny Debtor's claim, asserting that Browne

purchased the home and contend that Debtor was listed on the title only to satisfy residency requirements of the senior mobile home park. (ECF No. 8, p. 2).

On May 13, 2025, Jaycees moved to intervene in the adversary proceeding (ECF No. 9), alleging that the transfer was a fraudulent conveyance designed to frustrate enforcement of its monetary judgment of $31,156.87. Jaycees asserts an equitable interest in the manufactured home under Nevada's Uniform Fraudulent Transfer Act and initially sought a prejudgment writ of attachment. In supplemental briefings filed May 24 and June 3, 2025, Jaycees narrowed its request to focus solely on intervention. (ECF Nos. 16, 18).

Debtor opposes intervention (ECF No. 13), arguing that Jaycees is a general unsecured creditor without standing to pursue estate causes of action and that only the trustee or debtor may assert avoidance claims. Jaycees replies that it is not asserting an estate claim but seeks to protect its independent equitable interest in the home, relying on Cadle Co. v. Woods & Erickson, LLP, 131 Nev. 114, 345 P.3d 1049, 1053 (2015).

## LEGAL STANDARD

A. INTERVENTION

  1. Intervention as of Right

Federal Rule of Civil Procedure 24, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7024, governs motions to intervene in bankruptcy litigation. Rule 24(a) provides: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing

parties adequately represent that interest." Fed. R. Civ. P. 24(a); Hill v. Volkswagen, AG (In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.), 894 F.3d 1030, 1043 (9th Cir. 2018).

In particular, courts require an applicant for intervention as of right to demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002) (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (internal quotation marks omitted)); see also United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). The proposed intervenor bears the burden of establishing all four elements, and failure to satisfy any one is grounds for denial. Id. Courts construe Rule 24(a) liberally in favor of potential intervenors but intervention remains inappropriate where the interest is speculative, duplicative, or adequately represented. Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003).

    2. Permissive Intervention

A court may allow permissive intervention Under Rule 24(b)(1)(B), where the movant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 955 (9th Cir. 2009) (quoting Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)); Fed. R. Civ. P. 24(b)(1).

In exercising its discretion to grant intervention, the court must also consider whether intervention would unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3); Cooper v. Newsom, 13 F.4th 857, 868 (9th Cir. 2021).

B.  AVOIDANCE POWERS IN BANKRUPTCY

Under 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A), only the trustee or debtor has the authority to bring fraudulent transfer actions for the benefit of the bankruptcy estate and its creditors. Individual creditors lack standing to assert such estate causes of action unless the bankruptcy court specifically grants them derivative standing. In re Cohen, 305 B.R. 886, 889 (B.A.P. 9th Cir. 2004).

The Ninth Circuit permits derivative standing only in limited circumstances. To obtain such authority, a creditor must demonstrate that: (1) the trustee or debtor has unjustifiably refused to pursue the claim or has consented to the creditor's prosecution of it; and (2) the proposed litigation is both necessary and beneficial to the estate. In re Spaulding Composites Co., 207 B.R. 899, 903–04 (B.A.P. 9th Cir. 1997); In re Parmetex, Inc., 199 F.3d 1029, 1030–31 (9th Cir. 1999). Additionally, the creditor must obtain prior court approval before initiating the action, and the lawsuit must be brought in the name of the estate as the real party in interest. Spaulding, 207 B.R. at 903.

This framework is consistent with the approach adopted by other circuits. See In re Commodore Int'l Ltd., 262 F.3d 96, 99 (2d Cir. 2001); Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.), 330 F.3d 548, 580 (3d Cir. 2003) (Chapter 11 case approving derivative standing for creditors' committee; reasoning applies generally to intervention and derivative standing requests under Rule 24); Stevenson v. J.C. Bradford & Co. (In re Blasingame), 920 F.3d 384, 389 (6th Cir. 2019).

5

Even where derivative standing is granted, the claim must be prosecuted on behalf of the estate, which remains the real party in interest. See Spaulding, 207 B.R. at 903; In re Curry & Sorensen, Inc., 57 B.R. 824, 828–29 (B.A.P. 9th Cir. 1986).

## ANALYSIS

A.  JAYCEES LACKS STANDING AND A PROTECTABLE INTEREST

Jaycees argues that intervention is appropriate under Federal Rule of Civil Procedure 24, as incorporated by Federal Rule of Bankruptcy Procedure 7024, and contends that a proposed intervenor need not be a secured creditor.

Jaycees cites In re Sundquist, 570 B.R. 92, 96 (Bankr. E.D. Cal. 2017), for the general proposition that Rule 24 applies in adversary proceedings. Yet Sundquist involved intervention by a third party with a concrete and direct interest arising from an already existing final judgment. Jaycees, by contrast, is a general unsecured creditor seeking to assert claims that, if they exist, belong to the bankruptcy estate and can be pursued only by the trustee or debtor. Intervention by such a party is not supported by Sundquist.

Further, while Rule 24(a)(2) does not expressly limit intervention to secured creditors, Ninth Circuit precedent makes clear that a general unsecured creditor's interest in collecting a judgment is not, by itself, a significantly protectable interest sufficient to support intervention as of right. See United States v. Alisal Water Corp., 370 F.3d 915, 920 (9th Cir. 2004) (holding that an interest in the prospective collectability of a debt was too remote from the subject matter of the underlying litigation to justify intervention). In Alisal, the court reasoned that allowing such intervention would improperly extend standing to "virtually any creditor of a defendant." Id.: See

also <u>In re Molasky</u>, 843 F.3d 1179, 1185 (9th Cir. 2016) (reaffirming that a creditor's interest in maximizing recovery is not a legally protectable interest under Rule 24(a)(2)).

Jaycees is a general unsecured creditor holding a $31,156.87 state court judgment against the Debtor. (ECF No. 9 at 4–5). In its motion, Jaycees acknowledges that it "seeks to intervene as a Plaintiff to pursue a fraudulent transfer claim under NRS 112 against the manufactured home that is already subject of this adversary proceeding." (ECF No. 9 at 2). Additionally, during the hearing held on June 10, 2025, Jaycees' counsel confirmed that Jaycees seeks intervention to collect on its judgment claim. These admissions reinforce the conclusion that Jaycees' motivation is purely economic and the type of interest that courts have consistently rejected as a "significantly protectable" under Rule 24(a)(2). See <u>Alisal</u>, 370 F.3d at 920.

As noted previously, Jaycees relies on <u>Cadle Co. v. Woods & Erickson</u>, 131 Nev. 114, 345 P.3d 1049 (2015), to assert an "equitable interest" in the manufactured home. That reliance is misplaced. Cadle involved a creditor's post-transfer remedies under Nevada's Uniform Fraudulent Transfer Act and was not decided in the context of a bankruptcy proceeding. Consequently, the state law principles discussed in Cadle do not displace or override the Bankruptcy Code's exclusive framework for administering estate property and prosecuting avoidance actions. <u>See</u> 11 U.S.C. §§ 541(a), 544(b), 548(a).

Here, Jaycees seeks to intervene to assert a fraudulent transfer claim based on the Debtor's prepetition transfer of a manufactured home to her daughter and her daughter's boyfriend, precisely the claim already being pursued by the Debtor in this adversary proceeding.

The Court is further persuaded by the reasoning in In re Leed Corp., where multiple parties, including a creditor and related entities, sought to intervene in an adversary proceeding involving alleged interference with a confirmed plan and property rights in a real estate project. In re Leed Corp., No. 20-40984-NGH, 2023 WL 5813699, at *2 (Bankr. D. Idaho Sept. 7, 2023). Although the proposed intervenors showed a financial interest that could be impacted by the case, the bankruptcy court denied intervention because their interests were already adequately represented by the debtor. Id. at 3. The court noted that having shared goals and aligned litigation positions was not enough to justify intervention under Rule 24(a)(2), and that the intervenors lacked any unique perspective or arguments beyond those made by the debtor. Id.

In sum, Jaycees remains a general unsecured creditor seeking to elevate its collection rights through intervention. Rule 24 does not permit intervention based solely on economic interests in recovery, and the Ninth Circuit has consistently rejected attempts by creditors to assert estate claims without court approval.

B. ANY POTENTIAL IMPAIRMENT IS SPECULATIVE

Jaycees contends that its ability to collect on its judgment will be impaired if the manufactured home is sold before it can pursue a fraudulent transfer claim. (ECF No. 9 at 6–7). That concern, however, does not satisfy the requirements of Rule 24(a)(2). Under the Bankruptcy Code, the right to bring avoidance claims arising from a prepetition transfer belongs exclusively to the estate and may be asserted only by the trustee or debtor. 11 U.S.C. § 548; Cohen, 305 B.R. at 889.

If the Court determines that the transfer is avoidable and the home is returned to the estate, Jaycees, as a general unsecured creditor, will benefit indirectly through a potential

distribution, along with similarly situated creditors. On the other hand, if the Court finds that the home is not property of the estate, Jaycees remains free to pursue any applicable state law remedies directly against the transferees. The availability of alternative relief highlights the speculative nature of any alleged impairment to its rights at this stage.

    C.  PERMISSIVE INTERVENTION SHOULD ALSO BE DENIED

Alternatively, Jaycees also seeks permissive intervention under Rule 24(b). (ECF No. 9 at 9–10). Although Jaycees seeks to intervene to assert a fraudulent transfer claim that may share some factual overlap with the Debtor's existing complaint, allowing intervention would unnecessarily complicate and delay the proceedings.

Courts may deny permissive intervention where the potential delay or disruption outweighs any benefit the intervenor might add to the litigation. See Perry, 587 F.3d at 955–56. In Perry, the court denied intervention where the proposed intervenor's interests were already adequately represented. Similarly, Jaycees seeks to intervene in a pending avoidance action that is already being prosecuted by the Debtor, without offering a unique perspective or contribution that would help resolve the case.

Moreover, the Bankruptcy Code vests avoidance powers in the trustee or here, the Debtor acting on behalf of the estate, not individual creditors. Jaycees' primary motivation appears to be advancing its own collection efforts, which is inconsistent with the Code's emphasis on equitable treatment of similarly situated creditors. Accordingly, permissive intervention is not warranted.

## CONCLUSION

For these reasons, the Court concludes that Jaycees has not established a basis for intervention under either Rule 24(a)(2) or Rule 24(b).

Accordingly, the Motion to Intervene (ECF No. 9) is **DENIED**.

**IT IS SO ORDERED**.

Copies sent to all parties via CM/ECF Electronic Filing.

# # #